**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**UNITED STATES OF AMERICA**

**v.** **Criminal No. 5:24-00139**

**JAMES BENNETT**

**DEFENDANT'S MOTION IN LIMINE**
**REGARDING UNCHARGED CONDUCT**

COMES NOW the Defendant, James Bennett, by his counsel, and moves the Court *in limine* to preclude the Government from introducing evidence against him regarding conduct for which he has not been charged. In support of this Motion, Mr. Bennett states as follows:

1. On August 27, 2024, Mr. Bennett was charged with one count of illegal sexual contact with a federal inmate in violation of 18 U.S.C. § 2244(a)(6), and six counts of illegal sexual acts with a federal inmate in violation of 18 U.S.C. § 2244(b). ECF No. 1.

2. Mr. Bennett believes that the Government may seek to introduce testimony from the mother of Mr. Bennett's children, Baily Romanello, regarding allegations that Mr. Bennett pressured her for sex.

3. Furthermore, Mr. Bennett believes that the Government may seek to introduce testimony that Mr. Bennett was bringing in contraband into the prison.

4. Finally, Mr. Bennett believes that the Government may seek to introduce evidence that he took and shared nude photographs of himself, as well as the photographs themselves.

5. To start, the Government did not provide notice of an intention to introduce any evidence pursuant to Rule 404(b), as required by Rule 404(b)(3) ("In a criminal case, (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice."

6. That the Government failed to provide notice of its intention to use evidence of prior bad acts should preclude admission from the outset.

7. Moreover, Federal Rule of Evidence 404(b)(1) expressly prohibits the admission of evidence of "any other crime, wrong, or act" when offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404.

8. The proposed testimony from Ms. Romanello constitutes evidence of "other acts" that is inadmissible under Rule 404(b)(1) because it would be offered to show Defendant's propensity to pressure women for sex,

and to suggest that Defendant acted in accordance with that character trait in the charged offense. Fed. R. Evid. 404(b).

9. Similarly, testimony elicited by the Government from witnesses alleging that Mr. Bennett was bringing contraband into the prison is also evidence of "other acts" that is inadmissible under Rule 404(b)(1) because it would likewise be offered to show Defendant's propensity to violate the prohibition on certain items in the prison and suggest that Defendant also broke the law in the instant indictment. *Id.*

10. Also, photographic and/or testimonial evidence that Mr. Bennett took and shared nude photographs of himself is evidence of "other acts" that is inadmissible under Rule 404(b)(1) because it would be offered to show Defendant's propensity to engage in sexualized behavior and to suggest that Defendant acted in accordance with that character trait in the charged offense. Fed. R. Evid. 404(b).

11. While Rule 404(b)(2) permits evidence of other acts for non-propensity purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," the testimony and/or photographs at issue do not legitimately serve any of these permitted purposes. Fed. R. Evid. 404(b).

12. The Fourth Circuit has held that there are a number of factors that a Court should consider in weighing the admissibility of evidence pursuant to Rule 404(b): (1) The evidence must be relevant to an issue,

such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process. *United States v. Queen*, 132 F.3d 991, 997.

**Testimony of Ms. Romanello**

13. Here, the allegations from Ms. Romanello are altogether unrelated and reflect wholly different scenarios.

14. The details of an unrelated relationship are not relevant to any of the elements of the offenses charged here, nor are they probative to an essential claim or element of the offense here.

15. The evidence potentially offered by the Government is not reliable. The allegations from Ms. Romanello are not contemporaneous to the events alleged in the indictment – these allegations surfaced only after investigators contacted her in conjunction with investigation of the current offense.

16. The probative value of the allegations about Mr. Bennett pressuring for sex are minimally probative but highly prejudicial, and have the potential to result in a mini-trial on Mr. Bennett's actions during a long-term, intimate relationship.

17. Indeed, even if the Court were to find that the testimony could serve a non-propensity purpose under Rule 404(b)(2), the evidence should still be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

18. The testimony about Mr. Bennett's alleged conduct in a prior consensual adult relationship would unfairly prejudice the jury against Defendant in a case involving fundamentally different allegations regarding inmates in a custodial setting.

**Testimony regarding Contraband**

19. Turning to testimony regarding Mr. Bennett introducing contraband into the prison, that evidence is also unrelated and involves behavior irrelevant to the charged conduct in the indictment, nor is it probative to an essential claim or element of the offense.

20. Testimony regarding contraband is unreliable, as the Government has provided nothing aside from testimony to validate these allegations against Mr. Bennett. A comprehensive investigation involving phone

records and financial records offered nothing to corroborate this testimony.

21. The probative value of the allegations about contraband are minimally probative but highly prejudicial, and have the potential to produce the incorrect conclusion that unsubstantiated testimony that Mr. Bennett brought in contraband to the prison must mean that he also was responsible for other crimes alleged in the indictment.

22. Even if, arguendo, the Court were to find that the testimony could serve a non-propensity purpose under Rule 404(b)(2), the evidence should still be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

**Nude Photographs and Testimony regarding the same**

23. Nude photographs of the Defendant and the fact that the Defendant took nude photographs of himself are not relevant to any of the elements of the offenses charged here, nor are they probative to an essential claim or element of the offense.

24. While it is clear that the photographs were taken by the Defendant and were located on the Defendant's phone, that does not reliably indicate that he shared those photographs with any inmates, whether or not those inmates are part of the indictment.

25. The probative value of the photographs of Mr. Bennett and the fact that he took the photographs at all is minimally probative but highly prejudicial, as the jury may subordinate reason to emotion in the factfinding process. *See Queen*, 132 F.3d at 997.

26. Indeed, even if the Court were to find that the testimony or the photographs themselves could serve a non-propensity purpose under Rule 404(b)(2), the evidence should still be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

WHEREFORE, for the reasons stated within, the Defendant, James Bennett requests that the Court preclude the Government from introducing evidence against him regarding prior bad acts.

Respectfully submitted this 30th day of June, 2025.

**JAMES BENNETT**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/ Clint Carte**
Clint Carte, WV Bar No. 12054
Assistant Federal Public Defender
United States Courthouse, Room 3400
300 Virginia Street, East
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: clint_carte@fd.org