IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

UNITED STATES OF AMERICA

v. CRIMINAL NO. 5:24-cr-00139

JAMES BENNETT

UNITED STATES RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS STATEMENTS

Comes now the United States of America, by Brian D. Parsons, Assistant United States Attorney for the Southern District of West Virginia and responds in opposition to Defendant's Motion to Suppress Statements (ECF No. 46).

Defendant challenges the statements he gave to investigators on July 2, 2024. Specifically, he alleges that the statement was coerced and given involuntarily because defendant's "will was overborne during the course of a lengthy and coercive interrogation . . . ".

STATEMENT OF FACTS

On April 30, 2024, the investigating agent, Samuel Supnick interviewed defendant at FPC Alderson, defendant's former place of employment. Defendant was accompanied by a labor representative pursuant to Bureau of Prison policy. The interview was preceded

by the reading of defendant's Miranda rights (Attached as Exhibit A) which were given verbally and in writing. The interview lasted a little over an hour and was terminated when defendant indicated he no longer wanted to speak with the investigator. At the conclusion of the interview, a search warrant for a DNA sample was executed on defendant.

On July 2, 2024, a second interview, which lasted around three hours, was conducted at the West Virginia State Police office in Lewisburg, West Virginia. Three investigators participated in the interview with defendant. Once again, he was advised of his Miranda rights verbally and by use of a form. (Which is attached hereto as Exhibit B).

At no point during either interview process was defendant threatened with physical violence or coerced within the meaning of the law. Defendant was not restrained and left freely at the conclusion of both interviews. There is nothing in the record to suggest defendant did not understand his constitutional rights as it relates to speaking with law enforcement.

STATEMENT OF THE LAW

"A statement is involuntary under the Fifth Amendment only if it is 'involuntary' within the meaning of the Due Process Clause," which requires that the confession be "extracted by any sort of threats or violence, or obtained by any direct or implied promises,

however slight, or by the exertion of any improper influence." *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997). However, "[t]he mere existence of threats, violence, implied promises, improper influence, or other coercive police activity, however, does not automatically render a confession involuntary." *Id.* "The proper inquiry is whether the defendant's will has been overborne or his capacity for self-determination critically impaired." *Id.* In other words, the promise must have "extracted" the confession in order to bring about a finding of involuntariness. *Id.* at 783. The mere presence of the promise is not enough. *Id.*

Voluntariness should be judged based on the totality of the circumstances, "both the characteristics of the accused and the details of the interrogation." *United States v. Dodier*, 630 F.2d 232, 235 (4th Cir. 1980). Voluntariness does not mean "the absolute absence of intimidation, for under this test virtually no statement would be voluntary." *Braxton*, 112 F.3d at 783. Telling a suspect that his cooperation will be made known to and looked favorably upon by prosecutors and judges is not coercive — it is "very close to being a truism." *United States v. Leonard*, 141 F.3d 1161, *5 (4th Cir. 1998) (unpublished); *see also United States v. Shears*, 762 F.2d 397, 401 (4th Cir. 1985) ("agents may validly make some representations to a defendant or may discuss cooperation without

rendering the resulting confession involuntary"). Even making and breaching certain promises does not necessarily render a confession involuntary, even if those promises relate to a suspect's freedom. *Id.* at 402 n.4 (citing *United States v. Robinson*, 698 F.2d 448, 455 (D.C. Cir. 1983) (broken promise not to arrest and charge suspect that day); *United States v. Ferrara*, 377 F.2d 16-18 (2nd Cir. 1967) (suspect gave voluntary statement even after being told that if he cooperated the agent "felt sure he would get out on reduced bail."))

The United States bears the burden of demonstrating the voluntariness of a statement by a preponderance of the evidence. *Dodier*, 630 F.2d at 236. But the reality is that "very few incriminating statements, custodial or otherwise, are held to be involuntary." *Braxton*, 112 F.3d at 786. As such, the remedy that defendant requests is extraordinary.

## ARGUMENT

The facts here simply do not support an extraordinary remedy. Defendant, a state and federally trained corrections officer, was well-versed in the criminal justice system. Defendant was advised of his rights even though the interviews were non-custodial. Additionally, defendant was well aware of his ability to stop questioning at any point, as he did so during the first interview. In sum, nothing in this case supports what would be an

extraordinary finding that this statement was involuntary. Defendant's argument to the contrary should be rejected.

## Conclusion

Having established defendant's motion is without merit, the motion should be denied.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By:

s/ Brian D. Parsons
BRIAN D. PARSONS
Assistant United States Attorney
WV State Bar No. 8105
110 North Heber Street, Room 261
Beckley, WV 25801
Telephone: 304-253-6722
Fax: 304-253-9206
Email: brian.parsons@usdoj.gov

s/Jennifer D. Gordon
JENNIFER D. GORDON
Assistant United States Attorney
WV State Bar No. 9619
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jennifer.Gordon@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Response to Defendant's Motion to Suppress Statements" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 11th day of July, 2025, to:

Willard Clinton Carte, Esquire
300 Virginia Street East, Room 3400
Charleston, WV 253301
Telephone: 304-347-3350
Email: Clint_Carte@fd.org

s/ Brian D. Parsons
BRIAN D. PARSONS
Assistant United States Attorney
WV State Bar No. 8105
110 North Heber Street, Room 261
Beckley, WV 25801
Telephone: 304-253-6722
Fax: 304-253-9206
Email: brian.parsons@usdoj.gov

s/Jennifer D. Gordon
JENNIFER D. GORDON
Assistant United States Attorney
WV State Bar No. 9619
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jennifer.Gordon@usdoj.gov